# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DEPARTMENT OF LABOR,**
Eugene Scalia,[1] Secretary of Labor                                  **PLAINTIFF**

**V.**                       **CASE NO. 4:19-CV-84-BD**

**EJ'S CLEANING SERVICES, INC.** and
**EDWIN JOHNSON, Individually**                                **DEFENDENTS**

## ORDER

The United States Department of Labor (DOL) brought this lawsuit against Defendants, claiming that they had violated various provisions of the federal Fair Labor Standards Act (FLSA or Act), 29 U.S.C. §§ 201 *et seq*. (Doc. Nos. 1) Specifically, the DOL asserted that Defendants had violated minimum wage, record keeping, and overtime requirements of the Act. (*Id.*)

As a result of its failure to obey a Court order to obtain corporate counsel, a default judgment was entered against EJ's Cleaning Services, Inc. (EJ's), leaving Edwin Johnson, as the sole remaining defendant.[2] (Doc. No. 15) The DOL, however, has since amended its complaint by dropping its overtime and willful-violation allegations against the Defendants. (Doc. No. 18)

---

[1] Pursuant to FED. R. CIV. P. 25(d), Secretary Scalia is automatically substituted as the named party.

[2] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge. (Doc. No. 11)

The DOL now moves for another default judgment against EJ's on the grounds that it has failed to plead or otherwise defend itself and that, as a result, the unchallenged facts constitute a legitimate cause of action entitling the DOL to judgment as a matter of law. (Doc. No. 19)

The DOL also has moved for summary judgment against Defendant Edwin Johnson. The DOL seeks unpaid wages, liquidated damages equal to the amount of unpaid wages, an injunction restraining Defendants from further violations of the Act, and costs. (*Id.*)

## I. Summary Judgment

### A. Standard of Review

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no real dispute about any fact important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). The moving party bears the burden of producing admissible evidence showing that there is no real dispute. If such evidence is offered, the other party must meet evidence with evidence to avoid summary judgment. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*). The "failure to oppose a basis for summary judgment constitutes waiver of that argument." *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) By not responding, Defendants have waived any argument in opposition to Plaintiff's summary judgment motion.

### B. Undisputed Facts

This case arises from an investigation by the DOL's Wage and Hour Division (D) of EJ's Cleanings Services, a janitorial company doing business in Little Rock, Arkansas. Mr. Johnson is its principal agent and president. (Doc. No. 21) Mr. Johnson is the sole owner and had singular authority and control of EJ's daily operations.

Theresa Fell, a Wage and Hour Investigator, was assigned to conduct the investigation (D Investigation Number 1820390), which covered a period from February 20, 2017 to September 3, 2017.[3] (*Id.*) The FLSA covers all employees of certain statutorily defined enterprises engaged in commerce. 29 U.S.C. §§ 201 *et seq*. Ms. Fell determined that EJ's is an enterprise within the meaning of Section 3(r) of the Act, because it is engaged in the common business purpose of providing janitorial services in Louisiana and Arkansas. Ms. Fell further determined that EJ's is an enterprise engaged in commerce or in the production of goods for commerce, because its employees handled cleaning equipment and supplies that had been moved through interstate commerce and because the company had an annual dollar volume of sales or business of not less than $500,000 in both 2016 and 2017. (*Id.*) Because Mr. Johnson is the sole owner and primary decision-maker with respect to the employees' terms of employment, Ms. Fell determined that Mr. Johnson met the definition of an employer under the Act. (*Id.*)

---

[3] The DOL has conducted three full FLSA investigations of Defendants and determined that they violated FLSA's minimum wage and record-keeping provisions in all three. (Doc. No. 19-2 at 2) The present lawsuit concerns the second investigation. (*Id.*)

Ms. Fell further found that nine of EJ's employees were covered under the Act. Mr. Johnson personally hired most of EJ's employees, including those affected by this lawsuit, and gave his consent each time a supervisor wanted to hire a new employee. (Doc. No. 20-2 at 30-31) Mr. Johnson determined the amount of compensation to be paid to each employee; and he paid the employees each month. (*Id.*) He also assigned the employees to their specific work locations and instructed them as to their work schedules.

None of the nine employees fell under an exemption; and all of these employees were paid hourly for janitorial work they provided on behalf of EJ's at two Arkansas community colleges.

Defendants failed to pay these employees for six weeks—from March 6, 2017 through April 16, 2017 and from May 18, 2017 through June 28, 2017. (Doc. No. 21) Despite D requests, Mr. Johnson has never provided any time or payroll records for the relevant time periods. (*Id.*) With no time or payroll records to reference, Ms. Fell reconstructed the unpaid hours worked and calculated the unpaid wages due to each of the nine employees. (*Id.*)

Using the federal minimum wage rate of $7.25 per hour to calculate the back wages, Ms. Fell created the Wage and Hour Form 56—Summary of Unpaid Wages (WH-56) to summarize the individual and total unpaid wages owed for the relevant period. (Doc. No. 20-2 at 9-19) Ms. Fell determined that Defendants owed a total of $8,743.50[4] in unpaid back wages.

---

[4] The original WH-56, prepared in September 2017, alleges back wages in the amount of $16,733, because it included employees who have since filed consents to representation

On May 1, 2017, Ms. Fell provided Mr. Johnson with copies of her findings along with the FLSA's governing guides and regulations for employers. (Doc. No. 21) She went over all of the documents with him. (*Id.*) Then, on September 13, 2017, Ms. Fell held the "first-final conference" with Mr. Johnson and presented him with the original WH-56. (*Id.*) Mr. Johnson did not agree with the reconstructed hours and refused to sign. (*Id.*)

Just five days later, Ms. Fell and Matt Hardin, WH Assistant District Director, met with Mr. Johnson a second time. After again hearing the details of the WH investigative findings, Mr. Johnson signed the original WH-56, agreeing to pay the listed employees the back wages Ms. Fell had calculated. (Doc. No. 20-2 at 40-41, Doc. No. 21) Mr. Johnson agreed to mail proof of payment to the WH District Office no later than December 18, 2017. (Doc. No. 21) Since then, the Defendants have not provided Plaintiff with documentation of payment; and the nine employees remain unpaid for their back wages. (*Id.*)

### C. Decision

Based on the undisputed evidence, the Court finds that Mr. Johnson is an employer under the FLSA. 29 U.S.C. §§ 203(d), 206; *Wandrey v. CJ Prof. Satellites, Inc.*, No. 5:14-CV-05087, 2014 WL 4425799, at *3 (W.D. Ark. Sept. 9, 2014) (citing *Brown v.*

---

in a Section 16(b) action. (Doc. No. 20-2 at 22-22) Form WH-56 was updated on Feb. 6, 2020, to reflect only those employees who remain covered by the DOL's case; it does not change the calculated back wages due to the individual employees remaining. Rather, the unpaid total amount has simply been reduced to reflect the removal of the employees who have joined a separate action.

*L & P Indus., LLC*, 2005 WL 3503637, at *12 (E.D. Ark. Dec. 21, 2005) (finding that when a corporate officer is an employer under the FLSA, he can be held jointly and severally liable along with a corporation for the unpaid wages of the corporation's employees.).

Under FLSA, an employer must pay its employees a minimum wage for all time directed to work. 29 U.S.C. § 206(a). Here, it is clear that Mr. Johnson engaged in a pattern of missing payroll and failing to pay his employees in violation of 29 U.S.C. § 206. In deposition testimony, Mr. Johnson disputed the amount owed to each employee, but he nevertheless admitted that the listed employees were due unpaid wages. (Doc. No. 20-2 at 36-38) Additionally, by signing the original WH-56 investigation form, Mr. Johnson acknowledged he owed his employees unpaid back wages as calculated on the form. (Doc. No. 20-2 at 40-41)

The FLSA requires employers to maintain records of its employees' wages and hours worked. 29 U.S.C. § 211(c). The burden of record-keeping lies with the employer. *Brennan v. Qwest Commun. Intern., Inc.*, 727 F. Supp. 2d 751, 762 (D. Minn. 2010). If no records are produced, the employee need only show, "that he has in fact performed work for which he was improperly compensated and to produce sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id*. (internal citations omitted). "The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act." *Perez v. Contingent Care, LLC*, 820 F.3d 288, 293-94 (8th Cir. 2016).

Mr. Johnson violated the FLSA's record-keeping requirement. He has never produced documentation of either his employees' working hours or their paid wages. He has acknowledged, however, that unpaid wages are due and acquiesced to the amount determined by Ms. Fell in her investigation.

The FLSA states that an employer who fails to comply with the minimum-wage provisions of the statute "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) (emphasis added). "The employer bears the burden of proving both good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 941–42 (8th Cir. 2008) (internal citations omitted). There is no evidence that Mr. Johnson ever acted in good faith. Specifically, Ms. Fell presented Mr. Johnson with the governing documents and provided him time to comply; but he continued to ignore the dictates of the Act. Liquidated damages are, therefore, appropriate.

Under the FLSA, a district court may grant injunctive relief, "unless the district court is soundly convinced that there is no reasonable probability of a recurrence of the violations." *Marshall v. Van Matre*, 634 F.2d 1115, 1118 (8th Cir. 1980) In *Van Matre*, the Eighth Circuit reversed the denial of an injunction noting that, "[a]lthough advised of its violations, the employer has made no effort to comply with the Act." *Id*. The same can be said here. In fact, although EJ's Cleaning Services ceased operating sometime in 2017; and there is evidence in the record that Mr. Johnson is now operating a janitorial

7

company under the name of EJ's Inc. It appears, therefore, that Mr. Johnson is actively attempting to circumvent compliance; thus, an injunction is appropriate.

The evidence is undisputed. Therefore, the DOL's motion for summary judgment (Doc. No. 20) against Defendant Johnson is GRANTED. Mr. Johnson owes $8,743.50 in unpaid wages as well as an equal amount of liquidated damages. Further, Mr. Johnson is enjoined from further violations of the Act.

## II. Default Judgment

As noted, the Court entered a default judgment against EJ's on October 2, 2019. (Doc. No. 15) The DOL now moves for another default judgment against EJ's on grounds that it has failed to plead or otherwise defend itself and because the unchallenged facts constitute a legitimate cause of action that entitle the DOL to judgment as a matter of law. (Doc. No. 19) The DOL's argument and proof supporting the motion are identical to that used to support its motion for summary judgment. Defendants have neither moved to set it aside the first default judgment nor responded to the current motions.

"Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal citation omitted). "Once a defendant is in default, the factual allegations of the complaint, 'except those relating to the amount of damages, will be taken as true.'" *BMO Harris Bank N.A. v. Richland Express, Inc.*, No. 2:17-CV-00149-KGB, 2018 WL 8299883, at *2 (E.D. Ark. Sept. 28, 2018) (citing 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2688.1 (4th ed. 2018) (West)). Further, the Court may avoid a hearing on

damages if the damages are "ascertainable from definite figures, facts, and evidence provided by plaintiffs." *Id*. at *7 (citing *Holman v. National Postal Mail Handlers Union*, 117 F.3d 1422 (8th Cir. 1997) (*per curiam*)).

Governed by these standards, the Court finds that EJ's has failed to defend itself. The Court further finds, as set out in the discussion above, that the DOL has proved that EJ's and its sole agent, Mr. Johnson, failed to comply with the requirements of FLSA. Specifically, EJ's failed to maintain hour and wage records for its employees and failed to pay the nine employees identified in this lawsuit minimum wages during the investigative period. EJ's owes the DOL $8,743.50 in unpaid wages as well as an equal amount of liquidated damages. Further, EJ's is enjoined from violating the Act. Accordingly, the motion for default judgment (Doc. No. 19) is GRANTED.

### III. Conclusion

The Court concludes that judgment should be, and hereby is, entered against Defendants for $17,487.00 in total damages. Additionally, Defendants are enjoined from further violations of the Act. The DOL's motion for summary judgment (Doc. No. 20) and motion for default judgment (Doc. No. 19) are GRANTED. The DOL's unsupported request for costs is DENIED, at this time.

IT IS SO ORDERED, this 19th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE